Tammy Lynn E. TYNDALL,
Plaintiff–Appellee,

v.

Donald Ray TYNDALL, Defendant–
Appellant.

Court of Appeals of Tennessee,
Eastern Section.

June 13, 1996.

Permission to Appeal
Denied by Supreme Court
Nov. 4, 1996.

Sherry B. Paty, Chattanooga, for Plaintiff–Appellee.

J. Estes Cocke, East Ridge, for Defendant–Appellant.

## OPINION

FRANKS, Judge.

In this divorce action, the mother was awarded custody of the parties' son and daughter, ages four and three at the time of the divorce. The husband has appealed, insisting that it was error for the Trial Court to award custody of the children to the mother, and then allowing the mother to move from Chattanooga with the two children to Scott County, Tennessee.

The parties were married in 1987 in Chattanooga, but had met in Scott County, Tennessee. The mother was a registered nurse, and had returned to Scott County shortly prior to this divorce, where she was the Director of Personnel at Oneida Nursing Home Healthcare. The mother testified that while she was on the job, her mother would care for the children.

The husband essentially argues that it was in the best interest of the children for custody to be awarded to him. His extended family lives in the Chattanooga area, and he was of the opinion the children would receive a better education if left with him.

The evidence establishes that each of the parents would be a proper custodial parent. The evidence does not preponderate against the Trial Court's decision to award custody of the two children to the mother. T.R.A.P. Rule 13(d).

The husband's remaining issue is interrelated with the issue of custody, i.e., removal to another county. As noted in *Aaby v. Strange,* 924 S.W.2d 623 (Tenn.1996), once custody vests in one of the parents, that parent may move the child unless the noncustodial parent can show by a preponderance of the evidence that the parent's motives are vindictive. There is no evidence of vindictiveness here. The mother's extended family is in the Scott County area, and she obtained employment as favorable, if not more favorable, than she could obtain in the Chattanooga area. In her testimony she conceded that at one time she had agreed with the husband as to where the children would be educated, but upon further investigation she concluded the educational opportunities in Scott County, "is much better than we ever thought. The crime rate is much lower than we thought, also, much lower than Hamilton County."

In *Rogero v. Pitt,* 759 S.W.2d 109 (Tenn. 1980), the mother had petitioned to remove the children to Ohio which the Supreme Court allowed. The case is instructive because the parties in *Rogero* had joint custody of the children at the time of the removal.

The Supreme Court allowed the mother to move with the children, upon concluding the mother was a fit parent to have custody, was not vindictive in her desire to relocate, she could remarry upon relocation, and the children would be near "their grandmother and other relatives."

We can find no basis to disturb the Trial Court's award of custody to the mother and affirm the judgment of the Trial Court.

Costs of the appeal are assessed to the appellant and the cause remanded.

GODDARD, P.J., and SUSANO, J., concur.